**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**OMERO MARTINEZ,**

    **Plaintiff,**

**v.**                                                                       **No. 21-cv-0126 SMV/GBW**

**SOON KIM, M.D.,**

    **Defendant.**

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on the Notice of Removal [Doc. 1], filed on February 15, 2021, by Soon Kim, M.D. It appears to the Court that this action is not removable, because Dr. Kim, as a Third-Party Defendant, does not qualify as "the defendant or the defendants" under the removal statute, 28 U.S.C. § 1441. Accordingly, Dr. Kim must show cause no later than **March 26, 2021**, why the case should not be remanded.

This lawsuit was originally brought in state court on February 7, 2020, by Lea Regional Hospital, LLC (as Plaintiff) against Omero Martinez (as Defendant) for money due on account. [Doc. 1-1] at 1–3. Mr. Martinez answered and filed a counterclaim against Lea Regional Hospital. [Doc. 1-2] at 1–5. Thereafter, on April 3, 2020, Mr. Martinez (as Defendant/Third-Party Plaintiff) filed a Third-Party Complaint against Dr. Kim (as Third-Party Defendant) for medical negligence. [Doc. 1-3] at 1–3. On January 14, 2021, the state court dismissed all claims and counterclaims between Lea Regional Hospital and Mr. Martinez, but the third-party claim(s) against Dr. Kim remained. [Doc. 1-4]. Now, Dr. Kim hopes to remove the remaining third-party claim(s) to this Court under § 1441 and based on diversity jurisdiction. [Doc. 1].

However, "a third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a)." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1750 (2019). In *Jackson*, the lawsuit started as a debt-collection claim by Citibank against Mr. Jackson for charges incurred on a Home Depot credit card. Mr. Jackson filed a counterclaim against Citibank and third-party class-action claims against Home Depot and another entity. After Citibank dropped its underlying claim and Mr. Jackson amended his third-party complaint to remove all references to Citibank, Home Depot removed the class claims to federal court. Ultimately, the Supreme Court held that as "a third-party counterclaim defendant [under either § 1441 or § 1446, the class-action removal statute], Home Depot could not remove the class-action claim filed against it." *Id.* at 1751. Here, therefore, removal of the third-party claim(s) by Dr. Kim appears to be impermissible under *Jackson*.

**IT IS THEREFORE ORDERED** that Dr. Kim show cause no later than **March 26, 2021**, why this action should not be **REMANDED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**